This is a plea filed by the Defendant in person, objecting to the right in the late Judge Baker to hold the Superior Court of Bladen as the Judge thereof, on the ground that the Judge whose place he was appointed to supply died during the session of the General Assembly; that the Governor and Council can supply only such vacancies, in the judicial department, as occur during the recess of the (185) General Assembly; and that, consequently, the appointing and commissioning of Judge Baker were unauthorized by the Constitution. The pleadings are drawn out to considerable length, but it is deemed unnecessary to recite them, or to examine their sufficiency in point of form; because the objection intended to be made is presented in an improper shape; the effect of assuming a principle wrong in itself, and building on a foundation radically defective.
The Defendant prays judgment if he ought to be compelled to answer to the Plaintiff in his said plea here depending. Whom does he ask to pronounce this judgment? The person who is asserted by the plea to be constitutionally incompetent to render any judgment. If the person holding the Court were not a Judge duly authorized and rightfully commissioned, he could render a judgment in no case: none of his acts or proceedings could possess a judicial character, or be capable of *Page 143 
effecting, in any shape, the rights or property of the citizens. It must be nugatory then, to propound to the person assuming this authority, a question involving his competency to decide; for that were to ascribe to his decision an authority which the very statement of the question denies it to possess. If he were to decide that he is a Judge, and proceed to try the cause and give final judgment, no efficacy could be imparted to such judgment by his decision: it would be ipso facto a nullity, in one case as well as in the other, and no act of his could give it the force of resadjudicata. The highest evidence of the opinion of a person acting in the character of a Judge, that he has a right to do so, is exercising the functions of the office. This has already been given; and the strength of such evidence is not increased by his particular opinion to the same effect expressed, or a plea to the jurisdiction.
The plea, however, contradicts a fundamental maxim of all laws, that no man shall be a judge in his own cause. This is, in an especial manner, the cause of the person called upon to decide it; for, if the power he exercises be an usurpation, (186) he is indictable for a misdemeanor, and subject to fine and imprisonment. It is not necessary to say to what extent he would be liable to individuals injured by his acts, or to the public for executing the laws involving capital punishment. It is enough for the principle of this case to show, that Mr. Baker could not answer the question submitted to him by the plea, without deciding on his own amenability to a prosecution. The law wisely presumes that no one in such a situation can give a righteous judgment; and if, as the plea assumes, he was incompetent to hold a Court, still less was he competent to decide whether he could adjudge in the particular case. The plea must be overruled, and the Defendant answer over.
Cited: S. v. Hall, 142 N.C. 714, 717.